UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X     Case No.: 2:21-cv-00230

TERRANCE BROOKS,

                Plaintiff,

   -against-                                                                           **COMPLAINT**

                                                  Plaintiff Demands a
   THE GEO GROUP, INC.,                                                     Trial by Jury

                Defendant.
-----------------------------------------------------------------------X

Plaintiff, Terrance Brooks, by and through his attorneys, Phillips & Associates, PLLC, hereby

complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.

    §2000e *et. seq.* ("Title VII"), and to remedy violations of the New Jersey Law Against

    Discrimination ("NJLAD") based upon the supplemental jurisdiction of this Court pursuant to

    *Gibbs*, 38 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking damages to redress the injuries

    Plaintiff has suffered as a result of being harassed and discriminated against on the basis

    of sex, actual or perceived sexual orientation, and failure to hire.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction pursuant to 42 U.S.C. § 2000e et seq.; 28 U.S.C. § 1331, § 1343, and

    supplemental jurisdiction thereto.

3.  This action involves a Question of Federal Law.

4. The Court also has jurisdiction pursuant to §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

5. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

6. On or about July 6, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On or about October 19, 2020, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

8. On or about January 6, 2021 within ninety (90) days of said Notice of Right to Sue Letter, Plaintiff filed his Complaint.

## PARTIES

9. Plaintiff was and is a homosexual male and a resident of the State of New Jersey.

10. Defendant THE GEO GROUP, INC. (hereinafter "GEO GROUP") was and is a foreign business corporation duly incorporated under the laws of the State of Florida.

11. At all times material, Defendant GEO GROUP was and is a foreign business corporation duly authorized to conduct business in the State of New Jersey.

12. At all times material, Defendant GEO GROUP was and is a foreign business corporation which conducts business in the State of New Jersey.

13. At all times material, Defendant GEO GROUP owned, operated and/or maintained a correctional facility, i.e., Delaney Hall, located at 451 Doremus Ave, Newark, NJ 07105.

14. At all times material, Plaintiff was a potential employee and/or applicant for employment with Defendant GEO GROUP.

## MATERIAL FACTS

15. In or around early September 2019, Mr. Mincey (full name unknown), a Human Resources ("HR") manager for Defendant GEO Group, asked one of the teachers at the Delaney Hall facility, Ms. Monique Baldwin ("Ms. Baldwin"), if she could recommend someone for an open teacher position at the facility.

16. Mr. Mincey specifically asked Ms. Baldwin to recommend someone who had a strong teaching background.

17. Plaintiff was a well-regarded teacher in the Orange Township Public School District for over 34 years, and he had recently retired from his teaching position.  Ms. Baldwin knew Plaintiff by his good reputation.

18. Ms. Baldwin then contacted Plaintiff to ask whether he was interested in applying for the open teacher position at the facility.

19. Approximately one week later, Plaintiff and Ms. Baldwin spoke on the telephone.  During the call, Ms. Baldwin told Plaintiff that Defendant GEO GROUP needed a teacher right away.  Ms. Baldwin told Plaintiff that the salary was $40,000 per year and that the position was year-round.  Ms. Baldwin also told Plaintiff that he would be a great addition to the team.

20. That same day, Plaintiff completed and submitted an online application for the position. Plaintiff also sent Ms. Baldwin a copy of his resume.

21. Ms. Baldwin showed Plaintiff's resume to Mr. Mincey.  Mr. Mincey was impressed with Plaintiff's resume.

22. Approximately three days later, Mr. Mincey telephoned Plaintiff to schedule an interview. During the call, Mr. Mincey stated, "**We got your application. You come highly recommended.  We need people like you**."

3

23. After the telephone call with Plaintiff, Mr. Mincey contacted Ms. Baldwin and asked her about Plaintiff's sexual orientation. Specifically, Mr. Mincey asked, "**I just want to ask you, is he (Plaintiff)…?**" Ms. Baldwin replied, "**Is he what?**" Mr. Mincey replied, "**You know…**" Ms. Baldwin replied, "**If you are implying that Mr. Brooks is homosexual, I have no idea and what does it matter if he is?**"

24. Shortly after, Mr. Mincey called Plaintiff again to formally offer him an in-person interview.

25. On or about September 18, 2019, Plaintiff interviewed with Mr. Mincey and Michele Ippolitto (full name unknown), a director-level employee who would be Plaintiff's direct supervisor. The interview lasted about two hours. The interview went very well. In fact, Defendant GEO Group started the background check process during the interview. Plaintiff left the interview confident that he had the job.

26. Approximately one week after, Ms. Baldwin asked Mr. Mincey about the outcome of the interview with Mr. Mincey and Ms. Ippolitto. In response, Mr. Mincey described Plaintiff's speech and mannerisms in a stereotypically effeminate manner, stating, "**[Plaintiff] was flailing his hands. Those guys in Unit 5 will not come to his class. I don't want any PREA [Prison Rape Elimination Act] charges.**" These comments indicated to Ms. Baldwin that Mr. Mincey did not want to hire Plaintiff because of his actual and/or perceived sexual orientation.

27. Immediately after this conversation, Ms. Baldwin texted Plaintiff, saying, **"I don't think they are going to hire you based on a conversation I had with Mincey."** Plaintiff replied, "What's it about?" Ms. Baldwin then replied, "**It's blatant discrimination, it's about you're[sic] sexuality.**"

28. Defendant GEO GROUP did not call Plaintiff back regarding the position, and he was not hired for the position.

29. Upon information and belief, Defendant GEO GROUP hired a heterosexual employee for the position.

30. Plaintiff was a qualified applicant for a teaching position with Defendant GEO GROUP.

31. Despite Plaintiff's qualifications, Defendant GEO GROUP did not hire Plaintiff for the position.

32. Defendant GEO GROUP failed to hire Plaintiff because of his actual and/or perceived sexual orientation.

33. Defendant GEO GROUP discriminated against Plaintiff because of his actual or perceived sexual orientation.

34. As a result of Defendant GEO GROUP's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

35. As a result of the Defendant GEO GROUP's discriminatory treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

37. As Defendant GEO GROUP's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant GEO GROUP.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

38. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et Seq., as amended, for relief based upon the unlawful

employment practices of the above-named Defendant.   Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and actual and/or perceived sexual orientation.

**AS A SECOND CAUSE OF ACTION
UNDER THE NJLAD
DISCRIMINATION**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows:  "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:  (a) For any employer, because of  sex […] sexual orientation to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. Defendant GEO GROUP engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sex and actual and/or perceived sexual orientation.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant GEO GROUP engaged in unlawful employment practices prohibited by Title VII and the NJLAD, and that Defendant discriminated against Plaintiff on the basis of sex and his actual and/or perceived sexual orientation together with failure to hire.

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful discharge

6

and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: January 6, 2021
      New York, NY

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By:  _____
      Silvia C. Stanciu, Esq.
      45 Broadway, Suite 430
      New York, NY 10006
      (212) 248-7431

7