Elior D. Shiloh, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
973.577.6260
973.577.6261 (fax)
Elior.Shiloh@lewisbrisbois.com
*Attorneys for Defendant*
*The GEO Group, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE GEO GROUP, INC.,<br><br>        Defendant. | Civil Action No.: 2:21-cv-00230<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, The GEO Group, Inc. ("Defendant" or "GEO"), by and through its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint, states as follows:

### NATURE OF CASE

1.      Admits that Plaintiff seeks relief under the cited statutes, denies that he is entitled to such relief, and further denies the remaining allegations contained in paragraph 1.

### JURISDICTION AND VENUE

2.      Admits that Plaintiff purports to invoke this Court's jurisdiction under the cited statutes, and refers all questions of law to the Court.

3.      The allegations contained in paragraph 3 call for a legal conclusion to which no response is required, and Defendant refers all questions of law to the Court.

4837-3524-0164.2                                          1

4.      Admits that Plaintiff purports to invoke this Court's jurisdiction under the cited statute, denies the remaining allegations contained in paragraph 4, and refers all questions of law to the Court.

5.      Admits that Plaintiff purports to invoke this Court's venue under the cited statute, denies the remaining allegations contained in paragraph 5, and refers all questions of law to the Court.

6.      Admits the allegations contained in paragraph 6.

7.      Admits the allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 call for a legal conclusion to which no response is required and Defendant refers all questions of law to the Court, except admits that the Complaint was filed on or around January 6, 2021.

## PARTIES

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except admits that Plaintiff identifies as male.

10.     Admits the allegations contained in paragraph 10.

11.     Admits the allegations contained in paragraph 11.

12.     Admits the allegations contained in paragraph 12.

13.     Admits the allegations contained in paragraph 13, except clarifies that Delaney Hall is a residential reentry center not a correctional facility.

14.     The allegations contained in paragraph 14 call for a legal conclusion to which no response is required, and Defendant refers all questions of law to the Court.

4837-3524-0164.2

**MATERIAL FACTS**

15.     Admits the allegations contained in paragraph 15, except denies that Mr. Ahmiere Mincy served as a Human Resources Manager for Defendant.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Admits the allegations contained in paragraph 20, except denies having knowledge or information sufficient to form a belief as to whether the application was submitted on the same day Plaintiff allegedly spoke with Ms. Baldwin.

21.     Defendant admits that Ms. Baldwin sent Plaintiff's resume to Mr. Mincy, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22.     Admits that an interview was scheduled with Plaintiff, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

4837-3524-0164.2

3

24.     Admits that an interview was scheduled with Plaintiff, but denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25.     Admits that Plaintiff was interviewed on September 18, 2019, denies having knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's perceptions of the interview, denies the remaining allegations contained in paragraph 25, and clarifies that the interview was conducted by Mr. Mincy and Ms. Kristin M. SanFilippo, the Assistant Facility Director (Programs) for Delaney Hall.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 26.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Admits the allegations contained in paragraph 28, but clarifies that Ms. SanFilippo emailed Plaintiff on October 11, 2019 regarding the status of the hiring process and received no response.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     The allegations contained in paragraph 30 call for a legal conclusion to which no response is required, and Defendant refers all questions of law to the Court.

31.     Admits that Defendant did not hire Plaintiff for the position, and denies the remaining allegations contained in paragraph 31.

32.     Denies the allegations contained in paragraph 32.

33.     Denies the allegations contained in paragraph 33.

4837-3524-0164.2                                    4

34.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Denies that Defendant treated Plaintiff in a discriminatory manner, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36.     Denies the allegations contained in paragraph 36.

37.     Denies the allegations contained in paragraph 37.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**<u>DISCRIMINATION</u>**

38.     Defendant repeats and incorporates each and every response contained in paragraphs 1 through 37 as if set forth at length herein.

39.     Denies the allegations contained in paragraph 39.

**AS A SECOND CAUSE OF ACTION**
**UNDER THE NJLAD**
**<u>DISCRIMINATION</u>**

43.     Defendant repeats and incorporates each and every response contained in paragraphs 1 through 39 as if set forth herein. [1]

44.     Admits that the allegations contained in paragraph 44 set forth provisions of the NJLAD, but denies that Plaintiff is entitled to relief under same.

45.     Denies the allegations contained in paragraph 45.

---

[1] Defendant notes that there are no Paragraphs 40, 41 or 42 cited in the Complaint.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor as to all causes of action, award it reasonable attorneys' fees and costs incurred in this action, dismiss this action with prejudice, and grant it such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any provision of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.,* and affirmatively and specifically pleads each and every defense, limitation, and immunity provided thereunder.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not violate any provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and affirmatively and specifically pleads each and every defense, limitation, and immunity provided thereunder.

### FOURTH AFFIRMATIVE DEFENSE

Defendant would have taken the same action in the absence of any claimed impermissible motivating factor.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable or strictly liable for any of the actions and/or inactions alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

At no time relevant hereto did Ahmiere Mincy, a former County Unit Supervisor, have any involvement with, or decision-making authority over, any of Delaney Hall's hiring decisions.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, all hiring decisions for the position of Teacher at Delaney Hall were made by and in the sole discretion of Kristin M. SanFilippo, Delaney Hall's Assistant Facility Director (Programs), without any input from Ahmiere Mincy.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in proper and lawful exercise of its discretion and business judgment, and without intent to violate Plaintiff's rights, and its actions were not discriminatory, harassing or otherwise actionable.

## NINTH AFFIRMATIVE DEFENSE

Defendant did not encourage, condone, approve, authorize, ratify or otherwise participate in any allegedly discriminatory, harassing, inappropriate or unlawful conduct, nor did Defendant attempt to do so.

## TENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in the proper and lawful exercise of discretion, its actions were not discriminatory or harassing, and all of its actions towards Plaintiff were taken for legitimate, nondiscriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty owed to Plaintiff, either express or implied, under common law, statute, regulation, or standard.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant was not aware of the alleged discriminatory or harassing behavior.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, *in pari delicto*, waiver, estoppel and/or laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to any actual conduct by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to show that Defendant intended to act in a manner that would produce emotional distress.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of actions therein, fails to allege that Plaintiff suffered from truly genuine and substantial distress as the result of any alleged conduct on the part of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to show that Defendant acted recklessly or in deliberate disregard of a high probability that emotional distress would follow from its actions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendant did not engage in any discriminatory, harassing or otherwise wrongful conduct with malice or reckless indifference to Plaintiff's rights.

## TWENTIETH AFFIRMATIVE DEFENSE

Awarding punitive damages against Defendant would violate the United States and New Jersey Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which an award of attorney's fees can be granted.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer to Plaintiff's Complaint and to assert such additional affirmative and/or separate defenses as are made known during discovery and litigation.

Dated: April 14, 2021

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Elior D. Shiloh, Esq.
       Elior D. Shiloh, Esq.
       *Attorneys for Defendant*
       *The GEO Group, Inc.*
       One Riverfront Plaza, Suite 800
       Newark, New Jersey 07102
       973.577.6260
       973.577.6261 (fax)
       Elior.Shiloh@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

  Elior D. Shiloh, an attorney duly admitted to practice before this Court, certifies that on April 14, 2021, he caused to be filed and served via ECF Defendant's Answer and Affirmative Defenses on counsel for Plaintiff.

s/ Elior D. Shiloh
Elior D. Shiloh
